IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SUE LACAPRUCIA, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) SAUNDRA THURMAN-CUSTIS, DWIGHT ) CUSTIS, CRYSTAL MAIDS, LLC, ) ALCRYST, LLC, THE PRINCIPLE GROUP, ) LLC, BROOKS & BROOKS SERVICES, ) INC., THE LEVI GROUP, LLC, ) ) Defendants. ) | Case No. 20-CV-849 |

## NOTICE OF REMOVAL

Defendants Saundra Thurman-Custis, Dwight Custis, Crystal Maids, LLC, Alcryst, LLC, The Principle Group, LLC, Brooks & Brooks Services, Inc., and The Levi Group, LLC, (collectively, "Defendants"), for their Notice of Removal, state as follows:

1. On August 31, 2020, Plaintiff filed its petition ("Complaint") in the Circuit Court of Jackson County, Missouri, in the above-entitled civil action, Case No. 2016-CV17971 - SUE LACAPRUCIA V SAUNDRA THURMAN-CUSTIS, ET AL. (the "State Court Action") against the Defendants.

2. No Defendant has been served with a Summons in the State Court Action. No proceedings have occurred in the State Court Action. A copy of all documents from the state court action, including the Complaint and Notice of Case Management Conference, filed in the State Court Action are attached hereto (Exhibit A) and incorporated herein by reference.

3. There has been no return of service filed for the summons issued in the State Court Action.

## I. The Court has Federal Question Jurisdiction Over Plaintiff's Claims.

4. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331, 29 U.S.C. § 1132(a) because Plaintiff's claims arise under the laws of the United States, in particular, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, 28 U.S.C. § 1367, and 28 U.S.C. § 1441.

5. Plaintiff's claims against Defendants in the Complaint arise out of allegations that Plaintiff has been denied certain benefits or monies she alleges are owed to her under the terms of her TriCare Employee Benefits Plan (the "Plan"). Compl., Count I, ¶¶ 35-36; Count II, ¶¶ 40-41; Count III, ¶46; Count IV, ¶ 51; Count V, ¶ 56 ; Count VI, ¶ 60.

6. Plaintiff alleges that the Plan was obligated to pay out welfare benefits, either as medical premiums or towards the covered employees' 401(k). Compl. ¶¶ 11-12, 41. Thus, the Plan qualifies under an ERISA plan. *See* 29 U.S.C. § 1002(3) ("The term 'employee benefit plan' or 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan.")

7. In Count I for unjust enrichment, Plaintiff alleges that Defendant Thurman-Custis "committed to paying $3.35 per hour worked for either medical and dental premiums, or towards employee 401(k) plans," and she alleges that Crystal Enterprises (a non-defendant) failed to pay the promised benefits. Compl., Count I, ¶¶ 35-36.

8. In Count II for breach of fiduciary duty, Plaintiff alleges that non-defendant Crystal Enterprises "committed to paying $3.35 per hour worked for either medical and dental premiums, or towards employee 401(k) plans," and alleges that those claimed promises of "welfare benefits were not paid." Compl., Count II, ¶¶ 40-41. Though it is unclear from the Complaint how that alleged failure supposedly amounted to a breach of fiduciary duty by any of

the named defendants, it is clear that the claimed breach is for failure to make payments of welfare benefits under an employee benefits plan.

9. In Count III, which purports to state a claim for "fraudulent transfer recovery," Plaintiff alleges that Defendant Thurman-Custis "knowing of the duty to pay [the welfare benefits]" instead "engaged in transfers to other related entities . . ." Compl., Count III, ¶ 46. Plaintiff's allegations of a duty to pay clearly refers to unpaid welfare benefits under an employee benefits plan.

10. In Count IV for conversion, Plaintiff alleges that Defendants converted "the monies' for their own use that were otherwise due and owing to Plaintiffs. Compl., Count IV, ¶ 51. Plaintiff's allegations of money due clearly arise under her claims for unpaid welfare benefits.

11. In Count V for money had and received, Plaintiff alleges that Defendants converted the monies for their own use that were otherwise due to Plaintiff. Compl., Count V, ¶ 56. Plaintiff's allegations of money due clearly arise under her claims for unpaid welfare benefits.

12. In Count VI for declaratory relief, Plaintiff asks the court to declare, "Plaintiffs have a right to the amounts due them." Compl. Count VI, ¶ 60. Plaintiff's allegations of amounts due clearly arise under her claims for unpaid welfare benefits.

13. "When [a] federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *McLain v. Andersen Corp.*, 567 F.3d 956, 964 (8th Cir. 2009). ERISA is one of these statutes. *Id.* This includes claims fashioned as state law tort claims. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987).

5QZ\USA\3005058.000001\602491170.1         3
Case 4:20-cv-00849-BCW   Document 1   Filed 10/21/20   Page 3 of 8

14. Under ERISA's 502(a)(1), "A civil action may be brought by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

15. Under ERISA 502(a), any suit by a plan participant to enforce benefits wrongly denied that participant is completely preempted. *Prudential Ins. Co. of Am. v. Natl. Park Med. Ctr., Inc.*, 413 F.3d 897, 914 (8th Cir. 2005).

16. All of Plaintiff's claims arise out of ERISA 502(a)(1), because each of Plaintiff's claims is a state tort action that arises out of an alleged duty by Crystal Enterprises' and/or Defendant Thurman-Custis' to pay Plaintiff (and the putative class) welfare benefits owed under the Plan.

17. This Court has original jurisdiction over the State Court Action under both 28 U.S.C. §1331 and 29 U.S.C. § 1132(f) because Plaintiff's causes of action relate to an employee welfare benefit plan and arise under ERISA, a law of the United States.

18. Even if the court were to find that some of Plaintiff's claims are not completely preempted by ERISA, this court can exercise supplemental jurisdiction because the claims are part of the same case and controversy as the federal claims. 28 U.S.C. § 1367.

**II.    Plaintiff's Claims Are Related To a Chapter 11 Bankruptcy.**

19. 28 U.S.C. § 1452 allows Defendants to remove civil actions to the federal court in the district where the civil action is pending if the court has jurisdiction under 18 U.S.C § 1334, which confers original jurisdiction to actions arising in or related to cases under Title 11 Bankruptcy actions.

20. Here, Plaintiff sued Crystal Enterprises in a case captioned *Sue LaCaprucia v. Crystal Enterprises, Inc.*, Case no. 4:26-cv-00395-BCW, which was stayed as a result of Crystal Enterprises' Chapter 11 Bankruptcy filed in the U.S. Bankruptcy Court in the District of Maryland, *In re Crystal Enterprises, Inc.*, Bankruptcy Pet. No. 16-22565.

21. The claims that Plaintiff asserted against Crystal Enterprises are related (and nearly identical to) the claims brought in this case. Indeed, in the Complaint, Plaintiff specifically acknowledges that the alleged duty to pay benefits into the Plan was a duty owed (at least in the first instance) by Crystal Enterprises. As a result, the claims brought pursuant to this claim are related to Crystal Enterprises' bankruptcy under 28 U.S.C § 1452 and 18 U.S.C. §1334 and this Court has original jurisdiction.

### III. Plaintiff's Claims Satisfy Diversity Jurisdiction.

22. This Court has jurisdiction under 28 U.S.C. § 1332(a).

23. Diversity is satisfied because no member of the proposed class is a member of the same state as the Defendants.

24. According to the Complaint, Saundra Custis-Thurman and Dwight Custis are married individuals who reside in (and thus are citizens of) Maryland. Compl. Paragraph 2.

25. Similarly, each corporate Defendant is identified on the face of the Complaint with a Maryland address, and there is no allegation in the Complaint that any Defendant is a citizen of the state of Missouri. A corporation is deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). None of the Defendants are citizens of the state of Missouri.

26. Defendants wholly refute that Plaintiff is entitled to any damages. However, solely for purposes of calculating the proposed damages based Plaintiff's alleged claims, Defendants believe the damages sought by the named Plaintiff, Sue Lacaprucia, exceed $75,000.

27. In her prayer for relief, Plaintiff seeks "fringe benefits, actual and *punitive damages*, equitable accounting, imposition of a constructive trust, pre and post judgment interest, the costs of the action, and reasonable attorney's fees." Compl., Prayer for Relief ¶¶ 1-9.

28. The Eighth Circuit considers punitive damages based on the cost of restitution in the calculation of the amount in controversy. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (2013). The Supreme Court of Missouri has upheld punitive damages ratios exceeding 10:1. *See Lewellen v. Franklin*, 441 S.W.3d 136, 148 (Mo. banc 2014). Therefore, solely for purposes of this analysis, the punitive damages sought by Plaintiff are factored into the amount in controversy and establish an amount over $75,000 for each proposed plaintiff.

29. It is reasonable to believe that on the face of the Complaint, Plaintiff's claims are for more than $75,000 when considering actual, punitive damages, and attorney's fees.

30. Thus, the collective value of the relief sought by Plaintiff satisfies the amount in controversy requirement of 28 U.S.C. §1332(b).

31. 28 U.S.C. § 1441(a) permits Defendants to remove this action "to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Western District of Missouri – embraces Jackson County, the county in which the state court action is now pending. Therefore, this action is properly removed to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 1441(a).

32. Although there has been no effective service of process for purposes of the removal deadline, removal is not premature. See *Miller v. Cottrell, Inc.*, No. 06-0141-CV-W-NKL, 2006 WL 1313367, at *3 (W.D. Mo. May 12, 2006) ("'Defendants have a right to file a notice of removal . . . before they are served with process . . .'") (quoting *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002)).

33. Pursuant to 28 U.S.C. § 1446(a), Defendants file herewith copies of all process, pleadings and orders served upon or otherwise obtained by Defendants in the State Court Action.

34. All of the Defendants join in and approve of this Notice of Removal.

WHEREFORE, Defendants hereby give notice that the above-referenced action now pending against them in the Circuit Court of Jackson County, Missouri, has been removed therefrom to this Court.

Dated: October 21, 2020

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Robert J. Hoffman*
    Robert J. Hoffman    MO #44486
    Cassandra R. Wait    MO #72181
    One Kansas City Place
    1200 Main Street, Suite 3500
    Kansas City, MO  64105-2100
    Telephone: (816) 374-3200
    Facsimile:  (816) 374-3300
    rjhoffman@bclplaw.com
    cassie.wait@bclplaw.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned herby certifies that on October 21, 2020, the foregoing was filed with the Court via the CM/ECF system and a copy was sent via FedEx to:

Sonal Bhatia
Edwared (E.E.) Keenan
KEENAN & BHATIA, LLC
929 Walnut Street, Suite 5107
Kansas City, MO 64106
ee@keenanfirm.com

*/s/ Robert J. Hoffman*
Attorney for Defendants